U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 16 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JORGE ALFONSO PADILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-237-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jorge Alfonso Padilla, a state prisoner currently incarcerated in Dayton, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." FED. R. CIV. P. 25(d).

## I. Factual and Procedural History

On March 11, 2009, a jury convicted petitioner of aggravated sexual assault of a child under 14 years of age in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 1107874D, petitioner pleaded true to the repeat offender notice in the indictment, and the trial court assessed his punishment at 35 years' confinement. (SHR[2] at 28) Petitioner appealed his conviction, but the Eleventh Court of Appeals of Texas affirmed the trial court's judgment. (SHR at 33-34) Petitioner was granted an extension of time to file a petition for discretionary review (PDR) by the Texas Court of Criminal Appeals, allowing him until January 28, 2011,[3] to do so, however no PDR was filed. *Padilla v. State*, PDR No. 1677-10.

Petitioner filed a state postconviction habeas application for writ of habeas corpus challenging his conviction on April 18, 2011,[4] which was denied without written order by the Texas Court

---

[2]"SHR" refers to the record of petitioner's state habeas application no. WR-76,021-01.

[3]This date was confirmed *via* telephonic communication with the Texas Court of Criminal Appeals on this date.

[4]The prison mailbox rule applies to a petitioner's filing of his state postconviction habeas application, *infra* note 5. Respondent provides proof that petitioner placed the state
(continued...)

2

of Criminal Appeals on June 29, 2011. (SHR at cover, 12) This federal habeas petition was filed on February 19, 2013.[5] Respondent contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4](...continued)
application in the prison mail system on April 18, 2011. (Resp't Prel. Resp. at 4, Ex. A) Accordingly, the court deems the state application filed on that date.

[5]A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Respondent provides proof that petitioner placed the petition in the prison mail system on February 19, 2013. (Resp't Prel. Resp. at 6, Ex. B) Accordingly, the court deems the petition filed on that date.

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Under Texas law, a PDR "is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing lapses." *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004). Therefore, petitioner's conviction became final on January 28, 2011, the date his time to file a PDR in the Texas Court of Criminal Appeals lapsed, triggering the one-year limitations period, which expired one year later on January 28, 2012, absent any tolling.

Petitioner's state habeas application, pending from April

4

18, 2011, through June 29, 2011, tolled the limitations period for purposes of § 2244(d)(2) 73 days, making his federal petition due on or before April 10, 2012. Therefore, the petition filed on February 19, 2013, is clearly untimely if petitioner is not entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, a federal habeas petitioner can invoke the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562.

In an effort to trigger § 2244(d)(1)(B) and/or show rare and exceptional circumstances, petitioner asserts the state violated his Sixth Amendment right—

> by actively misleading as to supposed [DNA] evidence and by allowing inconstant and unsubstantiated witnesses [sic] testimonies to be entered into the trial records and (did) taint the Juries [sic] ability to render a true and just verdict in this case. Therefore, by the petition being an [sic] TDCJ-Inmate

5

>working under very adverse condictions [sic] and is a
>lay-person at law, it has taken this inordinate amount
>of time to learn the law and to seek "True Justice" in
>the Texas Judicial system.

(Pet. at 9)

Petitioner's reasons neither implicate § 2244(d)(1)(B) nor warrant equitable tolling. There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in federal court. Incarceration, ignorance of the law, and *pro se* status do not constitute "rare and exceptional" circumstances warranting equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). Further, petitioner waited over a year after limitations expired to seek federal habeas review. This delay mitigates against a finding that petitioner acted with due diligence in pursuing his rights in federal court.

In summary, petitioner's federal petition was due on or before January 28, 2012. Therefore, his petition, filed on February 19, 2013, over a year later, is untimely.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

6

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED August __16__, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE